869 F.2d 1494
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alexander G. HORNAK, Defendant-Appellant.
 No. 88-3234.
 United States Court of Appeals, Sixth Circuit.
 Feb. 28, 1989.
 
 Before ENGEL, Chief Judge, KRUPANSKY and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Alexander Hornak appeals his conviction in the United States District Court for the Northern District of Ohio of willful evasion of income tax in violation of 28 U.S.C. Sec. 7201.
 
 
 2
 Hornak was the principal owner of Hi-Way Distributing Corporation of America. Charlene Wetzel maintained the records for the corporation and was married to Hornak from 1978 to 1983. On August 8, 1983 Wetzel notified the Internal Revenue Service (IRS) regarding tax evasion by both Hornak and the corporation. She met with IRS agents and told them information regarding Hornak's and the corporation's tax reporting and gave them some pertinent documents.
 
 
 3
 On September 7, 1983, Wetzel again met with the IRS agents and more fully described Hornak's activities and gave the agents certain documents which she had removed from Hornak's office since her first meeting with the agents. On December 7, 1984, the IRS agents executed a search warrant at Hornak's office relying in large part on the information from Wetzel to show probable cause. Subsequently, Hornak was charged in a nine-count information for willful evasion of income tax in violation of 26 U.S.C. Sec. 7201. A jury unanimously found Hornak guilty on all nine counts and he was sentenced to three years in prison, and fined $45,000. Hornak appeals.
 
 
 4
 On appeal, Hornak claims that the district court erred in not suppressing the evidence seized from his office by Charlene Wetzel because following her first meeting with the IRS agents she became an agent of the government and therefore such seizure without a warrant violated the fourth amendment. He further contends that the evidence seized by the IRS agents using the search warrant should also have been suppressed because the underlying warrant was based on the illegal evidence obtained by Wetzel.
 
 
 5
 After careful consideration of the briefs and records on appeal, it is evident that affirmance is mandated by our circuit's decision in United States v. Lambert, 771 F.2d 83 (6th Cir.1985). The conduct of Charlene Wetzel here is not unlike that of the housekeeper, Diana Hall, in Lambert and, if anything, involved considerably less contact with investigative authorities. In Lambert, Hall had not only accepted some expense money from the FBI in return for her continued surveillance of Lambert's activities, but had contacted the FBI approximately 25 times over the following year concerning those activities. Notwithstanding this involvement, our court held that her search was a private search and not within the Fourth Amendment: "The defendants insist that the items taken by Diana Hall from Lambert's house and delivered to the FBI violated their Fourth Amendment rights and should, therefore, have been suppressed. Initially, we note that the Fourth Amendment proscribes only governmental action and does not apply to a search or seizure, even an unreasonable one, conducted by a private individual not acting as an agent of the government or with the participation or knowledge of any governmental official." Id. at 89 (citing United States v. Jacobson, 466 U.S. 109 (1984); Coolidge v. New Hampshire, 403 U.S. 443, 487 (1971)).
 
 
 6
 The district court's evidentiary rulings must be upheld unless they are clearly erroneous. United States v. Coleman, 628 F.2d 961, 963 (6th Cir.1980). It is evident from the record here that Charlene Wetzel's original private searches were made without any police involvement, and they were the result of her own personal actions. It is also evident that the second search after she had left her employment was also upon her own initiative, and, although perhaps a trespass as to the defendant, did not have approval and was in fact against the express directions of the federal agents to whom she had been communicating. Thus, even if illegal, her actions did not, as we held in Lambert, come within the purview of the Fourth Amendment and render the evidence seized by the agent subject to suppression. Accordingly, the judgment of the district court is AFFIRMED.